UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY S. NEEDLEMAN,

                Plaintiff,

-against-

MICHAEL McFADDEN, et al.,

                Defendants.

23-CV-9699 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights and seeking relief from a judgment issued in an action before the New York Supreme Court, New York County. He paid the filing fees for this action.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The

---

[1] Plaintiff commenced this action and requested to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On November 21, 2023, the Court granted Plaintiff's request to proceed IFP. On or about December 29, 2023, however, Plaintiff paid the filing fees for this action.

Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that Defendants violated his rights by conspiring to prevent an individual who scammed him from being criminally prosecuted. Named as defendants are Michael McFadden, a detective with the New York City Police Department ("NYPD"); Joe Carsio, an NYPD sergeant; and Sylvia Anderson, an individual who allegedly scammed Plaintiff. He seeks injunctive relief and money damages.

The following information is taken from the complaint. Plaintiff filed a complaint with the NYPD Internal Affairs Bureau ("IAB") concerning McFadden and Carsio conspiring "to prevent Sylvia Anderson from being criminally prosecuted for scamming [Plaintiff] of $1,784,000." (ECF 1, at 10.)[2] Although the "Chief of Elder Abuse's Deputy" had recommended prosecution of Anderson, McFadden "successfully prevented" the District Attorney's Office and the Elder Abuse Unit from prosecuting Anderson. (*Id.*) After Plaintiff failed to "get assistance" from the IAB, he filed a complaint in the New York Supreme Court, *Needleman v. McFadden*, Index No. 101048/2019, which was dismissed. On appeal, the New York Supreme Court, Appellate Division, First Department, affirmed the dismissal, and the New York Court of Appeals denied Plaintiff leave to appeal. *See Needleman v. McFadden*, 152 N.Y.S.3d 291 (1st Dep't Sept. 30, 2021), *leave denied*, 38 N.Y.3d 910 (Jun. 16, 2022). The Appellate Division's

---

[2] The Court quotes from the complaint verbatim, and all spelling, grammar, and punctuation are as in the original, unless noted otherwise.

decision held that "service of a notice of claim is a condition precedent" to claims against a municipal corporation and municipal employees, and that "[P]laintiff's failure to serve a notice of claim on defendants warrants the dismissal of his complaint." *Needleman*, 152 N.Y.S.3d at 291.

After the Court of Appeal's denial of leave, the chief motion clerk of that court became aware that the Appellate Division's decision had "substituted a municipal corporation as defendant for defendant McFadden and dismissed [Plaintiff's] [c]omplaint." (*Id*.) Plaintiff contends that "[s]ervice of notice of claim was not required for defendant McFadden." (*Id*.) He filed a motion for reargument, which the Court of Appeals denied. *See Needleman v. McFadden*, 38 N.Y.3d 1176 (Sept. 15, 2022).

Plaintiff brings this action contending that the Appellate Division's ruling was a "fraudulent and corrupt decision" in violation of "federal statutes of fraud and corruption." (ECF 1, at 10.) He claims that the Court of Appeals' motion clerk stated that "there was an arranged deal between the corrupt judges and McFadden's police facilitators to relieve NYPD detective McFadden of the $1,784,000 law suit claim against him." (*Id*. (emphasis omitted).) Plaintiff requests that the Court "find the five concurring judges of the Appellate [D]ivision guilty of fraud and corruption and order [] New York City to pay [him] damages of $1,784,000 of liability as *Respondeat* Superior." (*Id*.)

## DISCUSSION

### A.     The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (citation omitted). Because "federal district courts are granted original − and not appellate − jurisdiction, cases that function as de

facto appeals of state-court judgments are therefore jurisdictionally barred." *Id*. Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where the plaintiff seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("[The *Rooker-Feldman* doctrine] bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review)." (citation omitted)).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a final state court order or judgment; (3) the plaintiff invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Here, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Plaintiff, whose state court complaint was dismissed before bringing this action, complains that his federal rights were violated by the state courts. In other words, he challenges the validity of his state court judgment and invites the Court to review that judgment. The *Rooker-Feldman* doctrine bars this Court from reviewing such challenges. The Court therefore dismisses Plaintiff's challenge to his

state court judgment, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

**B.    Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's challenge to his state court judgment under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge